No. 11.—LEMUEL DUNN, plaintiff in error, *vs.* JNO. CROZIER, adm'r, defendant in error.

[1.] When a brief of the testimony is agreed upon by Counsel, and approved by the Court and ordered to be entered upon its minutes, at the term at which the application for a new trial is made ; and the brief is omitted to be recorded by the neglect, forgetfulness, sickness of the Clerk, or any other cause, it is, nevertheless, a substantial compliance with the 61st Common Law Rule ; and a *nunc pro tunc* order may be taken, at the hearing, to have the brief put upon the minutes.

Complaint and motion for new trial, in Randolph Superior Court.   Decision by Judge PERKINS, Oct. Term, 1854.

This was a motion to dismiss a rule *nisi* for a new trial, on the ground that a brief of the evidence was not agreed upon in writing, and filed as required by the rule.   It appeared that when the rule *nisi* was granted, the attorneys for both parties, in the presence of the Court, agreed upon a full and perfect brief of the evidence, and the Court assented to the same as such, and the Court passed the following order : " Upon hearing the foregoing motion, ordered that the rule *nisi* be granted, &c. and that further proceedings be stayed." And the papers were then handed to the Clerk, to be entered on the minutes.   The Clerk failed so to do.   Counsel for the rule moved to have the papers entered on the minutes *nunc pro tunc.*   The Court refused that motion, and dismissed the rule, and this decision is assigned as error.

Dunn *vs.* Crozier, adm'r.

A. HOOD, for plaintiff in error.

L. WARREN, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Ought the Circuit Court to have discharged the rule *nisi*, which had been moved and allowed for a new trial in this case, on the ground that a brief of the evidence had not been filed in compliance with the 61st Common Law Rule of practice? That rule requires that "a brief of the testimony in the cause shall be filed by the party applying for such new trial, under the revision and approval of the Court." And putting a liberal construction upon the rule for the convenience of Counsel, this Court has held that the written agreement of Counsel shall answer in the place of the approval of the Court.

Let us ascertain precisely, from the bill of exceptions, what transpired in this cause. It appears, then, from the certificate of the Circuit Judge, "that before the rule *ni. si.* was granted, the Attorneys for both parties, in the presence of the Court, agreed upon the brief of testimony, and the Court then and there assented to the same as such, and that said papers, to-wit: the motion for the new trial; the brief of the testimony, and the order *ni. si.* granting a new trial, were then and there handed to the Clerk of the Court, to be entered upon the minutes thereof."

We assume, then, that the brief of the testimony, as agreed upon by the Counsel and approved by the Court, was ordered by the Court to be entered upon its minutes, at the term at which the application for a new trial was made: and it appears, by the affidavit of Mr. Bowers, that the brief now produced from the custody of the Clerk, is the same that was filed with him. Indeed, the identity of the brief, as well as its fulness and fairness, are not questioned. Under these circumstances, was it competent for the party making the application to have the brief entered on the minutes *nunc pro tunc?*

Had this been done, there would have been a substantial compliance with the rule. It ought to have been done, because it was so ordered by the Court. Shall the failure of the Clerk to perform his duty from neglect, forgetfulness, sickness or any other cause, deprive these parties of their rights? We think not. It is the privilege of the Courts—yea, it is their high and imperious duty, to perfect their minutes by additions or erasures, so as to make them speak the truth, the whole truth and nothing but the truth. They should be, in fact, what they purport to be in theory, namely: the monument of the action of the Court.

Nor does this opinion militate against the decision of this Court in *Tomlinson vs. Cox,* (8 *Ga. R.* 111.) *There never was a brief of the testimony filed or offered to be filed in that case.* Documents were referred to, which influenced the judgment of the Court in that case, which were neither filed nor offered to be filed. And while it is due to candor to admit that the interpretation of the rule in that opinion is, perhaps, a little more strict than its language warrants or justice requires; yet, 'I must say, that the decision itself was right, and that it does not conflict at all with the view now taken of this case.